UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 24-00385-FWS (JDEx) | Date | April 17, 2024 |
|---|---|---|---|
| Title | David Neilsen v. Lantronix, Inc. et al | | |

PRESENT:

**HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:        ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                    None Present

**PROCEEDINGS:    (IN CHAMBERS) ORDER DENYING JOINT STIPULATION EXTENDING DEFENDANTS TIME TO RESPOND TO THE COMPLAINT [19]**

The court has reviewed and considered the parties' "Joint Stipulation Under L.R. 7-1 and 52-4.1 Extending Defendants Lantronix, Inc., Paul Pickle, and Jeremy Whitaker's Time to Respond to the Complaint" ("Stipulation").   (Dkt. 19.)   In the Stipulation, in summary, the parties identify several upcoming case deadlines and conditional events that may occur in connection with those deadlines, including: (1) "Defendants' response to the Complaint is currently due on or before June 3, 2024; (2) "[P]ursuant to the PSLRA, any motion to serve as lead plaintiff must be filed no later than April 23, 2024;" (3) "[T]he pleadings are likely to be amended upon appointment of lead plaintiff and lead counsel, and Plaintiff and Defendants do not anticipate any substantive proceedings in the case until a lead plaintiff and lead counsel are appointed;" (4) "[D]efendants anticipate filing a motion to dismiss the operative pleading after a lead plaintiff and lead counsel are appointed;" (5) "the PSLRA, 15 U.S.C. § 78u-4(b)(3)(B), provides that 'all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss;'" and (5) "[I]n light of the likelihood of future amendment, Plaintiff has agreed, subject to the Court's approval, to extend the deadline by which Defendants must answer, move, or otherwise respond to the Complaint." (Stipulation at 2.) Based on those deadlines and potential filings, the Stipulation requests that the court order that: (1) "Defendants need not respond to the current Complaint;" and (2) "[T]he lead plaintiff(s) and Defendants shall confer and propose to the Court a case management conference date, as well as a schedule for the filing of an amended pleading and the filing of Defendants' response(s) to the operative complaint whether by motion or otherwise" "[w]ithin fourteen (14) days after appointment of the lead plaintiff(s) and the Court's approval of lead counsel as provided for in the PSLRA."   (*Id.* at 3.)

//

In this case, the court finds the information in the Stipulation to be conclusory and

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | SACV 24-00385-FWS (JDEx) | Date | April 17, 2024 |
|----------|--------------------------|------|----------------|
| Title | David Neilsen v. Lantronix, Inc. et al | | |

speculative.   Based on the state of the record, as applied to the applicable law, the court finds the Stipulation provides insufficient good cause to grant the relief requested.   Therefore, in its discretion, the court **DENIES** the Stipulation.   *See Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) ("The trial court possesses the inherent power to control its own docket and calendar."); *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) ("District courts have inherent power to control their dockets."); *Morris v. Slappy*, 461 U.S. 1, 11 (1983) ("[B]road discretion must be granted trial courts on matters of continuances.").

_____ : _____

Initials of Deputy Clerk    mku

cc: