**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: aapton@zlk.com

*Attorneys for Robert Ratliff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID NEILSEN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> LANTRONIX, INC., PAUL PICKLE, and JEREMY WHITAKER, <br><br> Defendants. | No.: 8:24-cv-00385-FWS-JDE <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF ROBERT RATLIFF FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL** <br><br> Judge: Hon. Fred W. Slaughter <br> Date: May 23, 2024 <br> Time: 10:00 a.m. <br> Courtroom: #10D |

# TABLE OF CONTENTS

I.      PRELIMINARY STATEMENT.................................................................1

II.     STATEMENT OF FACTS..................................................................2

III.    ARGUMENT ...............................................................................3

    A.    MOVANT'S APPOINTMENT AS LEAD PLAINTIFF IS APPROPRIATE...............................................................3

       1.  The Procedure Required by the PSLRA ......................................4

       a. Movant Is Willing to Serve As Class Representative.........................5

       b. Movant Has the Requisite Financial Interest in the Relief Sought by the Class ........................................................5

    B.    Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure ...............................................................6

       a. Movant's Claims are Typical of the Claims of all the Class Members ...............................................................7

       b. Movant Will Adequately Represent the Class....................................8

    C.    APPROVING MOVANT'S CHOICE OF COUNSEL IS APPROPRIATE................................................................9

IV.    CONCLUSION ...............................................................................10

# TABLE OF AUHTORITIES

**Cases**

*In re Cavanaugh*,

    306 F.3d 726 (9th Cir. 2002)......................................................................1, 5, 7

*Crawford v. Honig*,

    37 F.3d 485 (9th Cir. 1994)..............................................................................8

*In re Drexel  Burnham Lambert Group*,

    960 F.2d 285 (2d Cir. 1992)..............................................................................8

*In re E-Trade Financial Corp*. Securuties Litigation,

    No. 07-cv-8538 (S.D.N.Y.)..............................................................................10

*Ferrari v. Gisch*,

    225 F.R.D. 599 (C.D. Cal. 2004) ......................................................................7

*Gen. Tel. Co. of the Southwest v. Falcon*,

    457 U.S. 147 (1982) ..........................................................................................8

*Gurevitch v. KeyCorp, et al.*,

    No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023) ..............................................10

*Hanlon v. Chrysler Corp.*,

    150 F.3d 1011 (9th Cir. 1998)..........................................................................7

*Haung v. Acterna Corp.*,

    220 F.R.D. 255 (D. Md. 2004)..........................................................................7

*Jaramillo v. Dish Network Corporation, et al.*,

    No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023)................................................10

*Maiden v. Merge Techs., Inc.*,

    No. 06-cv-349, 2006 U.S. Dist. LEXIS 85635 (E.D. Wis. Nov. 21, 2006)........5

*Martin v. BioXcel Therapeutics, Inc. et al.*,

    No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023) ..................................................10

*In re Milestone Sci. Sec. Litig.*,

    183 F.R.D. 404 (D.N.J. 1998)..........................................................................7

*In re Oxford Health Plans, Inc. Sec. Litig.*,

    182 F.R.D. 42 (S.D.N.Y. 1998) ..............................................................................7

*Petersen v. Stem, Inc. et. al.*,

    No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023) .....................................................10

*Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et*

    *al.*,

    No. 1:23-cv-02764 (N.D. Ill. July 11, 2023)........................................................10

*Robidoux v. Celani*,

    987 F.2d 931 (2d Cir. 1993)....................................................................................7

*Solomon v. Peloton Interactive, Inc. et al.*,

    No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023) ........................................................10

*Takeda v. Turbodyne Techs., Inc.*,

    67 F. Supp. 2d. 1129 (C.D. Cal. 1999) ..................................................................7

*In re Tesla Inc. Securities Litigation*,

    No. 3:18-cv-4865 (N.D. Cal.) ...............................................................................10

*Thant v. Rain Oncology Inc. et al.*,

    5:23-cv-03518 (N.D. Cal. Nov. 1, 2023) ..............................................................10

*Thant v. Veru, Inc. et al.*,

    No. 1:22-cv-23960 (S.D. Fla. July 27, 2023)........................................................10

*In re U.S. Steel Securities Litigation*,

    No. 2:17-579-CB (W.D. Pa.) .................................................................................10

*Villanueva v. Proterra Inc. et al.*,

    No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023) ......................................................10

*Weiss v. York Hosp.*,

    745 F.2d 786 (3d Cir. 1984)....................................................................................8

**Statutes**

15 U.S.C. § 78u-4 ...................................................................................................*passim*

**Rules**

Fed. R. Civ. P. 23 ........................................................................................................*passim*

## I.    PRELIMINARY STATEMENT

Presently pending before the Court is the above-captioned securities class action lawsuit (the "Action")[1] brought on behalf of a class consisting of all persons and entities other than Defendants that purchased or otherwise acquired Lantronix, Inc. ("Lantronix" or the "Company") securities between May 11, 2023 and February 8, 2024, inclusive (the "Class Period"). Plaintiff in the Action alleges violations of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company, Paul Pickle ("Pickle"), and Jeremy Whitaker ("Whitaker") (collectively, "Defendants").[2]

Movant Robert Ratliff ("Movant") lost approximately $8,230.26 as a result of the alleged fraud during the Class Period. Movant respectfully submits this memorandum of law in support of his motion for (a) appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); and (b) for approval of his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel.

The PSLRA directs the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation and has made a *prima facie* showing that he is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Movant satisfies both requirements.

Movant believes that he has the largest financial interest in the outcome of

---

[1] The above-captioned action pending in this Court is entitled *Neilsen v. Lantronix, Inc., et al.,* C.A. No. 8:24-cv-00385-FWS-JDE (C.D. Cal. Feb. 23, 2024) (the "*Neilsen* Action").

[2] The Action alleges violations under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

the case.[3] As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff. Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the Class, and he will fairly and adequately represent the interests of the Class.[4]

Accordingly, Movant respectfully submits that he should be appointed Lead Plaintiff. Additionally, Movant's selection of Levi & Korsinsky as Lead Counsel for the proposed class should be approved by this Court.

## II.    STATEMENT OF FACTS[5]

Lantronix is a global industrial and enterprise internet of things ("IoT") provider of solutions that purportedly target high growth applications in specific verticals such as smart grids, intelligent transportation, smart cities, and artificial intelligence ("AI") data centers. ¶ 2. The Company organizes its products and solutions into three product lines: (i) Embedded IoT Solutions, (ii) IoT System Solutions, and (iii) Software & Services. *Id.* Lantronix's sales channels are comprised of distributors, resellers, and direct sales to larger original equipment manufacturers ("OEMs") and end users, as well as through its ecommerce site. *Id.*

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and prospects. ¶ 4. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Lantronix overstated demand and/or its visibility

---

[3] Movant's certifications identifying his transactions during the Class Period and a chart detailing his losses are attached to the Declaration of Adam M. Apton, dated April 23, 2024 ("Apton Decl."), as Exhibits A, and B, respectively.

[4] The Action excludes from the Class the Defendants, officer and directors of the Company, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

[5] Citations to "¶_" are to paragraphs of the Class Action Complaint for Violation of the Federal Securities Laws (the "*Neilsen* Complaint") filed in the *Neilsen* Action. The facts set forth in the *Neilsen* Complaint are incorporated herein by reference.

into demand for its IoT products; (ii) Lantronix's customers were reducing elevated levels of inventory of IoT products, thereby causing a general slowdown in the Company's business; (iii) certain of Lantronix's embedded IOT revenues expected from a customer design win were delayed to the next fiscal year; (iv) as a result of all the foregoing, Lantronix anticipated lower sales for its embedded IOT solutions for fiscal year 2024; (v) accordingly, Lantronix was unlikely to meet its own previously issued guidance for fiscal year 2024; and (vi) as a result, the Company's public statements were materially false and/or misleading at all relevant times. *Id.*

On February 8, 2024, Lantronix issued a press release announcing its financial results for the second quarter of its fiscal year 2024. ¶ 5. Therein, the Company negatively revised its fiscal year 2024 guidance, advising that "[f]or fiscal year 2024, the company [now] expects revenue in a range of $155 million to $165 million"—versus the previously provided range of $175 million to $185 million— "and non-GAAP EPS in a range of $0.35 to $0.45 per share"—versus the previously provided range of $0.50 to $0.60 per share. *Id.* On a call with investors and analysts to discuss these results, Company management revealed that "[t]he change in our annual guidance is primarily due to lower expected sales for our embedded IOT solutions as a result of two factors", namely, "[a] general slowdown in our broad-based channel business as customers work through their inventories, and an embedded compute design win in video applications that was slated for revenue in the second half of fiscal 2024 that pushed into fiscal 2025." *Id.*

Following these disclosures, Lantronix's stock price declined 32.53%, or $1.89 per share, to close on February 9, 2024 at $3.92 per share. ¶ 6.

## III.   ARGUMENT

### A.   MOVANT'S APPOINTMENT AS LEAD PLAINTIFF IS

APPROPRIATE

### 1.   The Procedure Required by the PSLRA

Once the Court decides the motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

(aa)   has either filed the complaint or made a motion in response to a notice;

(bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the foregoing criteria and is not aware

of any unique defenses that defendants could raise against him. Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Action.

### a. Movant Is Willing to Serve As Class Representative

On February 23, 2024, counsel in the *Neilsen* Action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A)(i), which announced that a securities class action had been filed against Lantronix and certain of its officers and directors, and which advised putative class members that they had sixty days from the date of the Notice to file a motion to seek appointment as a lead plaintiff in the *Neilsen* Action.[6]

Movant has reviewed the complaint filed in the *Neilsen* Action and has timely filed his motion pursuant to the Notice.

### b. Movant Has the Requisite Financial Interest in the Relief Sought by the Class

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the Action. As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class. *See* Apton Decl., Ex. B. The Movant who "has the largest financial interest in this litigation and meets the adequate and typicality requirements of Rule 23 . . . is presumptively entitled to lead plaintiff status." *Maiden v. Merge Techs., Inc.*, No. 06-cv-349, 2006 U.S. Dist. LEXIS 85635, at *13 (E.D. Wis. Nov. 21, 2006) (citing *In re Cavanaugh*, 306 F.3d at 732).

Under the PSLRA, damages are calculated based on (i) the difference between the purchase price paid for the shares and the average trading price of the shares during the 90 day period beginning on the date the information correcting

---

[6] The *Neilsen* Action was filed in this Court on February 23, 2024. On the same day, the Notice was published over *Newsfile Corp.*, a widely-circulated national business- oriented wire service. See Apton Decl. Ex. C.

the misstatement was disseminated, or (ii) the difference between the purchase price paid for the shares and the average trading price of the shares between the date when the misstatement was corrected and the date on which the plaintiff sold their shares, if they sold their shares before the end of the 90 day period. 15 U.S.C. § 78u-4(e).

During the Class Period, Movant purchased Lantronix securities in reliance upon the materially false and misleading statements issued by defendants, and was injured thereby. During the Class Period, Movant: (1) purchased 7,290 shares of Lantronix stock; (2) expended $34,992.00 on his purchases of Lantronix securities; (3) retained all 7,290 shares of Lantronix securities through the end of the Class Period; and (4) suffered a substantial loss of $8,230.26 in connection with his purchases of Lantronix securities. *See* Apton Decl. Ex. B. Movant thus has a significant financial interest in the outcome of this case. To the best of his knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### B.    Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification outlined in Fed. R. Civ. P. 23,

only two – typicality and adequacy – are recognized as appropriate for consideration at this stage. *See Cavanaugh*, 306 F.3d at 730, n.5, 732. Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d. 1129, 1136 (C.D. Cal. 1999). Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Cavanaugh*, 306 F.3d at 732; *see also Haung v. Acterna Corp.*, 220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying his appointment as Lead Plaintiff.

### a. Movant's Claims are Typical of the Claims of all the Class Members

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because: (i) he suffered the same injuries as the absent class members; (ii) he suffered as a result of the same course of conduct by Defendants; and (iii) his claims are based on the same legal issues. *See Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiff's claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See Weiss v. York Hosp.*, 745 F.2d 786, 808-09 (3d Cir. 1984). A finding of

commonality frequently supports a finding of typicality. *See Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality requirements tend to merge).

In this case, the typicality requirement is met because Movant's claims are identical to, and neither compete nor conflict with the claims of the other Class members. Movant, like the other Class members, acquired Lantronix securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby. Thus, his claims are typical, if not identical, to those of the other Class members because Movant suffered losses similar to those of other Class members and his losses result from Defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See Weiss*, 745 F.2d at 809; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### b. Movant Will Adequately Represent the Class

Moreover, Movant is an adequate representative for the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of Movant to whether the interests of Movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of Movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted).

Movant's interests are clearly aligned with those of the other Class members. Not only is there no evidence of antagonism between Movant's interests and those of the Class, but Movant has a significant and compelling interest in prosecuting the Action based on the large financial losses he has suffered as a result of the wrongful conduct alleged in the Action. This motivation, combined with Movant's identical interest with the Class members, demonstrates that he will vigorously

pursue the interests of the Class. In addition, Movant has retained counsel highly experienced in prosecuting securities class actions, and will submit his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B) (v).

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). In addition, because Movant has sustained the largest amount of losses from Defendants' alleged wrongdoing, he is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I), and should be appointed as such to lead the Action.

Moreover, Movant considers himself to be a sophisticated investor, having been investing in the stock market for 5 years. *See* Apton Decl., Ex. D (Movant's Declaration in support of his motion). Movant is currently retired, but prior to that he worked in a bakery. *Id.* Accordingly, Movant meets the adequacy requirement of Rule 23.

## C.   APPROVING MOVANT'S CHOICE OF COUNSEL IS APPROPRIATE

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class. The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as this one, are well-qualified to represent the Class, and have worked numerous times to achieve favorable settlements on behalf of shareholders. *See* Apton Decl. Ex. E (Levi & Korsinsky's firm resume, respectively). Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions across the country arising under

the federal securities laws on behalf of investors. As lead counsel in *In re U.S. Steel Securities Litigation,* No. 2:17-579-CB (W.D. Pa.), Levi & Korsinsky secured a $40 million recovery on behalf of investors in the securities of U.S. Steel. The firm also secured a $79 million recovery on behalf of E-Trade investors in *In re E-Trade Financial Corp.* Securities Litigation, No. 07-cv-8538 (S.D.N.Y.). Levi & Korsinsky also has trial experience relating to *In re Tesla Inc. Securities Litigation,* No. 3:18-cv-4865 (N.D. Cal.), representing Tesla investors who were harmed by Elon Musk's "funding secured" tweet from August 7, 2018. *Id.* In the last year alone, Levi & Korsinsky has been appointed lead or co-lead counsel in a number of actions in this Circuit and across the Country including *Thant v. Rain Oncology Inc. et al.,* 5:23-cv-03518 (N.D. Cal. Nov. 1, 2023); *Jaramillo v. Dish Network Corporation, et al.,* No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023); *Villanueva v. Proterra Inc. et al.,* No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023); *Martin v. BioXcel Therapeutics, Inc. et al.,* No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023); *Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.,* No. 1:23-cv-02764 (N.D. Ill. July 11, 2023); *Petersen v. Stem, Inc. et al.,* No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023); *Solomon v. Peloton Interactive, Inc. et al.,* No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023); *Gurevitch v. KeyCorp, et al.,* No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023); *Thant v. Veru, Inc. et al.,* No. 1:22-cv-23960 (S.D. Fla. July 27, 2023). Thus, this Court may be assured that in the event that Movant's Motion is granted, the members of the Class will receive the highest caliber of legal representation.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant his Motion and enter an order: (1) appointing Movant as Lead Plaintiff; and (2) approving Levi & Korsinsky as Lead Counsel for the Class.

*[Signature on following page]*

Dated: April 23, 2024          Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*
Adam M. Apton (SBN 316506)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 985-7290
Email: aapton@zlk.com

*Proposed Lead Counsel for Robert Ratliff*

## CERTIFICATE OF SERVICE

I, Adam M. Apton, hereby declare under penalty of perjury as follows:

I am a partner attorney at Levi & Korsinsky, LLP, with offices at 445 South Figueroa Street, 31st Floor, Los Angeles, CA 90071. I am over the age of eighteen.

On April 23, 2024, I electronically filed the following **MEMORDANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF ROBERT RATLIFF FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on April 23, 2024.

*/s/ Adam M. Apton*
Adam M. Apton

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Movant, certifies that this brief contains 3,729 words, which complies with the word limit of L.R. 11-6.1.

Executed on April 23, 2024.

/s/ Adam M. Apton
Adam M. Apton