POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Movant Hana Touati and*
*Proposed Lead Counsel for the Class*

*[Additional Counsel on Signature Page]*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID NEILSEN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LANTRONIX, INC., PAUL PICKLE, and JEREMY WHITAKER,<br><br>Defendants. | Case No. 8:24-cv-00385-FWS-JDE<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF HANA TOUATI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**<br><br>DATE:  May 23, 2024<br>TIME:  10:00 a.m.<br>JUDGE:  Fred W. Slaughter<br>CTRM:  10D |

# TABLE OF CONTENTS

I.   PRELIMINARY STATEMENT ..................................................................................1

II.  STATEMENT OF FACTS .......................................................................................2

III. ARGUMENT............................................................................................................5

   A.   TOUATI SHOULD BE APPOINTED LEAD PLAINTIFF ...................5

        1.   Touati Is Willing to Serve as Class Representative ............................6

        2.   Touati Has the "Largest Financial Interest" ........................................7

        3.   Touati Otherwise Satisfies the Requirements of Rule 23...................8

        4.   Touati Will Fairly and Adequately Represent the
             Interests of the Class and Is Not Subject to Unique Defenses ......... 11

   B.   LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE
        APPROVED ..................................................................................................12

IV.  CONCLUSION.......................................................................................................13

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*,
No. 5:11-CV-04003-LHK, 2012 WL 78780 (N.D. Cal. Jan. 9, 2012).................7

*Hanon v. Dataproducts Corp.*,
976 F.2d 497 (9th Cir. 1992) .................................................................................9

*Hessefort v. Super Micro Comput., Inc.*,
317 F. Supp. 3d 1056 (N.D. Cal. 2018).................................................................9

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ..................................................................................7

*In re Comverse Tech., Inc. Sec. Litig.*,
No. 06-CV-1825 (NGG) (RER), 2007 WL 680779
(E.D.N.Y. Mar. 2, 2007) ........................................................................................7

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998) .......................................................................7

*In re Solar City Corp. Sec. Litig.*,
No. 16-CV-04686-LHK, 2017 WL 363274 (N.D. Cal. Jan. 25, 2017)...............9

*Knox v. Yingli Green Energy Holding Co.*,
136 F. Supp. 3d 1159 (C.D. Cal. 2015) ...........................................................7, 8

*Lax v. First Merchants Acceptance Corp.*,
No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997) ................................7

*Nicolow v. Hewlett Packard Co.*,
No. 12-05980 CRB, 2013 WL 792642 (N.D. Cal. Mar. 4, 2013)....................7, 8

*Osher v. Guess?, Inc.*,
No. CV01-00871LGB(RNBX), 2001 WL 861694
(C.D. Cal. Apr. 26, 2001) ....................................................................................12

*Richardson v. TVIA, Inc.*,
No. C 06 06304 RMW 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) ...............9

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ...............................................................................10

*Tai Jan Bao v. SolarCity Corp.*,
    No. 14-CV-01435-BLF, 2014 WL 3945879 (N.D. Cal. Aug. 11, 2014) .............9

**Statutes**

15 U.S.C. § 78u-4...........................................................................................1, 10

Private Securities Litigation Reform Act of 1995 ...........................................1, 8, 12

Securities Exchange Act of 1934 ..........................................................................1, 9

**Rules**

Fed. R. Civ. P. 23  ...........................................................................*passim*

Movant Hana Touati ("Touati") respectfully submits this Memorandum of Points and Authorities in support of her motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing Touati as Lead Plaintiff on behalf of a class (the "Class") consisting of all persons and entities other than the above-captioned defendants ("Defendants") that purchased or otherwise acquired Lantronix, Inc. ("Lantronix" or the "Company") securities between May 11, 2023 and February 8, 2024, both dates inclusive (the "Class Period"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## I.    PRELIMINARY STATEMENT

The complaint ("Complaint") (Dkt. No. 1) in the above-captioned action (the "Action") alleges that Defendants defrauded investors in violation of the Exchange Act. Lantronix investors, including Touati, incurred significant losses following the disclosures of Defendants' alleged fraud, which caused the prices of Lantronix securities to fall sharply, damaging Touati and other Lantronix investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant that possesses the largest financial interest in the outcome of the Action and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). During the Class Period, Touati purchased 6,000 shares of Lantronix

common stock, expended $35,160 on these purchases, retained 6,000 of her shares of Lantronix common stock, and, as a result of the disclosures of Defendants' alleged fraud, incurred losses of approximately $13,193. *See* Declaration of Jennifer Pafiti in Support of Motion ("Pafiti Decl."), Exhibit ("Ex.") A at *2. Accordingly, Touati believes that she has the largest financial interest in the relief sought in this Action. Beyond her considerable financial interest, Touati also meets the applicable requirements of Rule 23 because her claims are typical of absent Class members and because she will fairly and adequately represent the interests of the Class.

To fulfill her obligations as Lead Plaintiff and vigorously prosecute the Action on behalf of the Class, Touati has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, Touati respectfully requests that the Court enter an Order appointing her as Lead Plaintiff for the Class and approving her selection of Pomerantz as Lead Counsel for the Class.

## II.    STATEMENT OF FACTS

As alleged in the Complaint in the Action, Lantronix is a global industrial and enterprise internet of things ("IoT") provider of solutions that purportedly target high growth applications in specific verticals such as smart grids, intelligent transportation,

smart cities, and artificial intelligence data centers.  Dkt. No. 1 at 2-3 ¶ 2.  The Company organizes its products and solutions into three product lines: (i) Embedded IoT Solutions, (ii) IoT System Solutions, and (iii) Software & Services.  *Id.* at 3 ¶ 2.  The Company's sales channels are comprised of distributors, resellers, and direct sales to larger original equipment manufacturers and end users, as well as through its ecommerce site.  *Id.*

In May 2023, Lantronix forecasted that it would achieve revenue in a range of $175 million to $185 million, as well as non-GAAP earnings-per-share ("EPS") in a range of $0.50 to $0.60 per share, for its fiscal year 2024 results.  *Id.* at 3 ¶ 3.  Defendants repeatedly assured investors and analysts throughout the Class Period that this guidance for fiscal year 2024 remained unchanged, despite knowing that Lantronix's customers were experiencing elevated levels of inventory for IoT products, and that embedded IOT revenues expected from a customer design win were pushed out to the next fiscal year.  *Id.*

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and prospects.  *Id.* at 3 ¶ 4. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Lantronix overstated demand and/or its visibility into demand for its IoT products; (ii) Lantronix's customers were reducing elevated levels of inventory of IoT products, thereby causing a general slowdown in the Company's business; (iii) certain of Lantronix's embedded IOT revenues expected from a customer design win were delayed to the next fiscal year; (iv) as a result of all the foregoing, Lantronix anticipated lower

sales for its embedded IOT solutions for fiscal year 2024; (v) accordingly, Lantronix was unlikely to meet its own previously issued guidance for fiscal year 2024; and (vi) as a result, the Company's public statements were materially false and/or misleading at all relevant times. *Id.* at 3-4 ¶ 4.

On February 8, 2024, during post-market hours, Lantronix issued a press release announcing its financial results for the second quarter of its fiscal year 2024. *Id.* at 4, 16 ¶¶ 5, 35. Therein, the Company negatively revised its fiscal year 2024 guidance, advising that "[f]or fiscal year 2024, the company [now] expects revenue in a range of $155 million to $165 million"—versus the previously provided range of $175 million to $185 million— "and non-GAAP EPS in a range of $0.35 to $0.45 per share"—versus the previously provided range of $0.50 to $0.60 per share. *Id.* That same day, also during post-market hours, on a call with investors and analysts to discuss these results, Company management revealed that "[t]he change in our annual guidance is primarily due to lower expected sales for our embedded IOT solutions as a result of two factors", namely, "[a] general slowdown in our broad-based channel business as customers work through their inventories, and an embedded compute design win in video applications that was slated for revenue in the second half of fiscal 2024 that pushed into fiscal 2025." *Id.* at 4, 16 ¶¶ 5, 36.

Following these disclosures, Lantronix's stock price fell $1.89 per share, or 32.53%, to close at $3.92 per share on February 9, 2024. *Id.* at 5 ¶ 6.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the plaintiff in the Action and other Class members have suffered significant losses and damages. *Id.* at 5 ¶ 7.

## III.   ARGUMENT

### A.   TOUATI SHOULD BE APPOINTED LEAD PLAINTIFF

Touati should be appointed Lead Plaintiff because she has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in the Action to her knowledge, and otherwise strongly satisfies the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).  In addition, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90 days after the date of publication, or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* § 78u-4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* § 78u-4(a)(3)(B)(i).  The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Touati satisfies all three of these criteria and thus is entitled to the presumption that she is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1.    Touati Is Willing to Serve as Class Representative

On February 23, 2024, counsel for plaintiff in the Action caused the statutorily required Notice of this Action to be published via *Newsfile Corp.* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action lawsuit had been filed against Lantronix and other defendants, and which advised investors in Lantronix securities that they had until April 23, 2024—*i.e.*, 60 days from the date of the Notice's publication—to file a motion to be appointed as lead plaintiff.  *See* Pafiti Decl., Ex. B at *2.

Touati has filed the instant motion pursuant to the Notice, and has attached a sworn Certification attesting that she is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. C at *2-3.  Accordingly, Touati satisfies the first requirement to serve as Lead Plaintiff of the Class.

## 2.    Touati Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . in the determination of the court, has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of her knowledge, Touati has the largest financial interest of any Lantronix investor or investor group seeking to serve as Lead Plaintiff based on the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (also referred to as "retained shares"); (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997).  In accord with courts nationwide,[1] these so-called *Lax* factors have been adopted by courts in the Ninth Circuit, including in this District.  *See, e.g.*, *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015); *Nicolow v. Hewlett Packard Co.*, No. 12-05980 CRB, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 5:11-CV-04003-LHK, 2012 WL 78780, at *4 (N.D. Cal. Jan. 9, 2012).  Of the *Lax* factors, courts in this Circuit tend to emphasize approximate loss in

---

[1] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-8 (E.D.N.Y. Mar. 2, 2007).

assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA. *See, e.g.*, *Knox*, 135 F. Supp. 3d. at 1163; *Nicolow*, 2013 WL 792642, at *4.

During the Class Period, Touati: (1) purchased 6,000 shares of Lantronix common stock; (2) expended $35,160 on her purchases of Lantronix common stock; (3) retained 6,000 of her shares of Lantronix common stock; and (4) as a result of the disclosures of Defendants' alleged fraud, incurred losses of approximately $13,193 in connection with her Class Period transactions in Lantronix securities. *See* Pafiti Decl., Ex. A at *2. To the extent that Touati possesses the largest financial interest in the outcome of this litigation, she is the presumptive "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3.      Touati Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *See Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-01 (N.D. Cal. 2018); *Tai Jan Bao v. SolarCity Corp.*, No. 14-CV-01435-BLF, 2014 WL 3945879, at *3 (N.D. Cal. Aug. 11, 2014). "This showing need not be as thorough as what would be required on a class certification motion and only needs to satisfy typicality and adequacy." *In re Solar City Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 WL 363274, at *5 (N.D. Cal. Jan. 25, 2017).

"The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

Touati's claims are typical of those of the Class. Touati alleges, like other Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Lantronix, or by omitting to state material facts necessary to make the statements they did make not misleading. Touati, like other Class members, purchased Lantronix securities during the Class Period at prices alleged to have been artificially inflated by Defendants'

misrepresentations or omissions, and was damaged upon the disclosures of those misrepresentations and/or omissions that drove Lantronix's stock price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

In determining whether the adequacy of representation requirement of Rule 23(a)(4) is met, courts in the Ninth Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members" and ask "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted).

Touati is an adequate representative for the Class. Here, Touati has submitted a signed Certification declaring her commitment to protect the interests of the Class. *See* Pafiti Decl., Ex. C at *2-3. There is no evidence of antagonism or conflict between Touati's interests and those of the Class, and Touati's significant financial interest demonstrates that she has a sufficient interest in the outcome of this litigation that gives her an incentive to vigorously prosecute the claims in this Action on behalf of the Class. Moreover, Touati has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits her choice of Pomerantz to the Court for approval as Lead Counsel pursuant to 15 U.S.C. §

78u-4(a)(3)(B)(v).  In addition to Pomerantz, Touati is also represented by the Bronstein, Gewirtz & Grossman, LLC law firm in this Action.

Further demonstrating her adequacy, Touati has submitted a signed Declaration attesting to, *inter alia*, her background, her investing experience, her understanding of the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, her decision to seek appointment as Lead Plaintiff, and the steps that she is prepared to take to prosecute this litigation on behalf of the Class.  *See* Pafiti Decl., Ex. D at 1-4 ¶¶ 1-7, 9-11.

### 4. Touati Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Touati as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interest of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Touati's ability and desire to fairly and adequately represent the Class has been discussed above.  Touati is not aware of any unique defenses Defendants could raise that would render her inadequate to represent the Class.  Accordingly, Touati should be appointed Lead Plaintiff for the Class.

## B.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court.  *See id.* § 78u-4(a)(3)(B)(v).  The Court should interfere with a Lead Plaintiff's selection only when necessary to "protect the interests of the class."  *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa); *Osher v. Guess?, Inc.*, No. CV01-00871LGB(RNBX), 2001 WL 861694, at *4 (C.D. Cal. Apr. 26, 2001) ("A court may reject the lead plaintiff's choice only if it is necessary to protect the interests of the class.").

Here, Touati has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith.  *See* Pafiti Decl., Ex. E at 1-11.  In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel.  *See id.*  For more than 85 years, Pomerantz has represented defrauded investors.  *See id.* at 1.  As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States.  *See id.* at 2.  Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc.*

*Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010.  *See id.* at 1-11.  More recently, as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors, Pomerantz reached a $110 million settlement on behalf of the class.  *See id.* at 2-3.

As a result of its extensive experience in litigation involving issues similar to those raised in the instant Action, Touati's counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute this Action effectively and expeditiously.  Thus, the Court may be assured that by approving Touati's selection of Pomerantz as Lead Counsel, the members of the Class will receive the best legal representation available.

## IV.   CONCLUSION

For the foregoing reasons, Touati respectfully requests that the Court issue an Order: (1) appointing Touati as Lead Plaintiff for the Class; and (2) approving Pomerantz as Lead Counsel for the Class.

Dated:  April 23, 2024                        Respectfully submitted,

POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Movant Hana Touati and*
*Proposed Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Movant Hana Touati*

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Jennifer Pafiti*
Jennifer Pafiti

## CERTIFICATE OF WORD COUNT

The undersigned, counsel of record for Hana Touati, certifies that this brief contains 3,214 words, which complies with the word limit of L.R. 11-6.1.

Executed on April 23, 2024.

/s/ Jennifer Pafiti
Jennifer Pafiti